## EVALINE BROOKS *v.* THE STATE.

1. KEEPING A DISORDERLY HOUSE is not one of those offenses upon a conviction wherein the court is empowered to abate the nuisance.   Even if it was, however, that power could not be invoked unless the indictment or information was framed with that view, and then only on the finding of a jury.

2. CASE STATED. — In a trial for keeping a disorderly house, the jury found a verdict of guilty and assessed a fine of $100.   The court not only rendered judgment in accordance with the verdict, but decreed the establishment to

be a nuisance, and ordered the sheriff to abate it. *Held*, that this decree of abatement was unauthorized by law, and is error, necessitating a reversal of the judgment.

3. INFORMATION for keeping a disorderly house, alleging time and place, charged that the accused "did keep, and yet doth keep, a disorderly house, which said disorderly house was then and there a house kept for the purpose of public prostitution, and as a common resort for prostitutes," etc. *Held*, a good information, and not necessary it should have further alleged that prostitutes did resort to the house.

APPEAL from the County Court of Parker. Tried below before the Hon. B. L. RICHEY.

The last head-note recites the material allegations of the information. The opinion shows the objection taken to it, and all other matters of any significance.

*Hood & McCall*, for the appellant. The information simply charges that the defendant did keep a disorderly house, which was then and there kept for prostitution, and as a common resort for prostitutes.

Now, this is the language of the statute, but is it sufficient? It is not averred that any prostitutes ever went there, or that prostitutes resorted to that place; nor any facts that would show to the court that the house was disorderly, or a resort of prostitutes. Now, the house might be kept by the defendant for prostitution, and as the common resort of prostitutes — that is, for such purposes — and yet, if no prostitutes resorted thither — if she failed in her purpose — we apprehend that there would be no offense committed. The mere keeping of the house for that or such purposes is no offense, unless the offense is accomplished by the resorting of prostitutes thither. It being necessary, then, to prove that prostitutes resorted to that place, we think it necessary to allege that they resorted to the place.

In the case of *Stephanes* v. *The State*, 21 Texas, 206, the court set aside an indictment of this character, much more specifically drawn than this one, holding that the

same was too loosely drawn to put the defendant upon his defense. We think the information in this case much more liable to the objections raised than the. indictment in the case referred to. No acts of prostitution are averred; no resorting there by prostitutes, no permission, consent, or encouragement of defendant. It is not specifically and directly averred that the defendant then and there kept the house for purposes of prostitution, or that *she* then and there kept the house, or a common resort for prostitutes. It is true that it is averred that she kept a disorderly house; but that she kept the same for purposes of public prostitution, or that she kept the same as a common resort for prostitutes, is only an *inference* from the preceding sentence.

While it is generally necessary to charge the language of the statute only, this is not always the case. If every fact necessary to constitute the offense is charged or necessarily implied from following the statute, the indictment in the language of the statute is undoubtedly sufficient; otherwise, it is not. 7 B. Mon. 259.

We come, now, to discuss the judgment of the court suppressing the offense. This, we confess, is an anomalous proceeding to us. The court seemed, however, to base his action in the premises on article 1663 of Paschal's Digest, which provides: "When an offense of which defendant is convicted is continuous in its nature, there shall be a judgment for its suppression." The court, it will be observed, of its own motion, without pleadings and without evidence — unless the evidence before the jury be considered as before the court — entered the judgment of suppression.

The statute above cited is very indefinite. Further on in the Code, however, we find rules laid down prescribing the mode by which certain offenses may be abated. 1 Pasc. Dig. 483, title 3. This title provides for the suppression of any trade injurious to public health, of offenses against reputation, and of offenses against personal liberty.

We do not believe that the offense of which the defendant stands charged can, under the Code, be considered as continuous or permanent. The Code having defined what offenses are permanent or continuous in their nature, the court cannot say that other offenses are of that nature. The law says that certain offenses, to-wit, those injurious to health, those injurious to reputation, etc., can, in a certain manner, be suppressed. The including or mentioning of these offenses is the necessary exclusion of all others. *Inclusio unius est exclusio alterius.*

But, even if it is proper to give a judgment for the suppression of the offense, it was not done in this case in a legal manner. The law is that the judgment shall order that the defendant shall abate the offense, and if she fail to do so, then that the sheriff abate. The defendant, under this judgment, is not allowed to quit or to abate, but the sheriff is ordered to abate at once. This is error. See Whart. Cr. Law, sec. 2377. In the cases mentioned in the Code, the defendant is allowed to enter into bond not to continue the offense; and in no case, neither under the Code nor at common law, can such a judgment as this be entered against the defendant.

*W. B. Dunham*, for the State.

WINKLER, J. The appellant was prosecuted by information, under the Code, on a charge of keeping a disorderly house. On the trial in the County Court the jury returned a verdict of guilty, and assessed against the accused a fine of $100, upon which a judgment was rendered in accordance with the verdict, and ordering her to be kept in close custody until the fine and costs should be fully paid; and then proceeded to adjudge, in addition, as follows:

"And it further appearing to the court that the keeping of said disorderly house, as set forth in the information in

this cause, dated March 31, 1877, by said Evaline Brooks, is an offense in its nature continuous, it is ordered by the court that the keeping of said disorderly house by the said Evaline Brooks abate and be suppressed, and that the sheriff of Parker County, Texas, be, and he is hereby, directed and required to execute and carry into effect this judgment of suppression of the keeping of said disorderly house by said Evaline Brooks. It is further ordered that execution issue."

A motion was made for a new trial, which was overruled, and a motion was made in arrest of judgment. Among the grounds set out, and which require to be noticed, are the following:

" 2. Because it is not charged in the information and complaint that the defendant kept the house as a common resort for prostitutes.

" 3. Because it is not charged that prostitutes did congregate and resort at said house, nor were any facts constituting a disorderly house averred therein.

" 5. Because no acts of prostitution are averred or shown in said information.

" 7. Because there is no sufficient description of the house, by name, character of building, or locality.

" 9. Because there is no verdict of the jury finding that the offense is continuous in its nature, or that it now exists.

" 10. Because the court cannot, of itself, inquire what kind of an offense it is, or whether it is continuous or not, but must base its judgment upon the verdict of the jury."

The motion in arrest of judgment was overruled, and this appeal is taken, the ruling being saved by bill of exceptions. The latter portion of the third error assigned is as follows: " And especially did the court err in rendering judgment for the suppression of the house, without a verdict or charge that the same was a nuisance, and a finding to that effect."

There is a class of cases of nuisance provided by the criminal law of this state in which, upon conviction, the court has authority to abate the nuisance, but the offense here charged does not belong to that class; and, even if it did, that power could not be invoked unless it entered into the definition of the offense, and was charged with that view, and then only upon the finding of a jury. The judgment in the present case is not warranted by the law, the punishment for the offense being fixed by statute at a pecuniary fine of "not less than one hundred, nor more than one thousand dollars." Penal Code, art. 398 (Pasc. Dig., art. 2029).

Again, the law provides that in criminal trials the jury, besides finding whether the accused is guilty or not guilty, shall, in addition thereto, "*assess the punishment*, in all cases where the same is not absolutely fixed by law, to some particular penalty." Code Cr. Proc., art. 626 (Pasc. Dig., art. 3091).

The court below erred in adding to its judgment that portion which orders the suppression of the supposed nuisance. We are of opinion the objections taken to the information are untenable; but, for the error in the judgment of the court as above set out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*